UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EUGENE RYAN BOOS, | Civil No. 07-4316 (PAM/JSM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| JOAN FABIAN, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I.    BACKGROUND**

In January 1994, Petitioner was convicted of second degree murder in the state district court for Hennepin County, Minnesota. He was sentenced to 306 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota. (Petition, [Docket No. 1], p. (2).)

Petitioner challenged his conviction and sentence on direct appeal, raising several grounds for relief, including insufficiency of the evidence, prosecutorial misconduct during closing argument, and abuse of discretion at sentencing. The Minnesota Court of Appeals

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

rejected all of Petitioner's arguments, and affirmed the judgment entered against him in his criminal case. State v. Boos, No. C1-94-1006 (Minn.App. 1995), 1995 WL 118901 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's request for further review on May 16, 1995. (Id.)

Eight years later, in May 2003, Petitioner filed a post-conviction motion in the trial court, alleging several new claims, including discovery of new exculpatory evidence, prosecutorial misconduct in failing to disclose exculpatory evidence, and ineffective assistance of counsel. The trial court denied Petitioner's post-conviction motion, and Petitioner then filed another appeal. In a decision dated August 3, 2004, the Minnesota Court of Appeals again rejected all of Petitioner's arguments, and again upheld his conviction and sentence. Boos v. State, A03-1678 (Minn.App. 2004), 2004 WL 1729966 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's request for further review of the matter on September 29, 2004. (Id.)

In October 2005, Petitioner filed a second post-conviction motion, this time arguing that the trial court had applied the wrong sentencing statute at his original sentencing. He claimed that if he had been properly sentenced under the correct statute, he would have earned more "good time credit," he would be eligible for an earlier release from prison, and he would not have a term of supervised release. The trial court rejected Petitioner's arguments, and Petitioner then filed his third appeal. The Court of Appeals upheld the trial court's ruling on the second post-conviction motion, and the Minnesota Supreme Court again denied Petitioner's application for further review. Boos v. State, No. A06-534 (Minn.App. 2006), 2006 WL 3774025 (unpublished opinion), rev. denied, February 20, 2007.

Petitioner filed his current habeas corpus petition on October 22, 2007. His petition lists four challenges to the validity of his sentence: (1) the sentence violates the federal Constitution's ex post facto clause; (2) the sentence is based on a construction of state law that violates the Minnesota State Constitution; (3) the sentence violates "State/Federal Comity," because it is based on an "improper interpreting of 'STATE' law sentencing structure by use of 'FEDERAL BOP' structure;" and (4) the sentence violates "Article 3 US Constitution, sec 1 & 2." (Petition, pp. (5) - (6), § 12.) However, the Court cannot reach the merits of any of Petitioner's current claims, because this action is clearly barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.[2]

## II.   DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] The Minnesota Court of Appeals decision in Petitioner's second post-conviction proceeding does not address any of the constitutional issues raised in Petitioner's current petition, which suggests that Petitioner may now be raising some entirely <u>new</u> arguments that were never fairly presented to the state courts. If that is so, then even if Petitioner's current petition were timely, it still would have to be dismissed for failure to exhaust state court remedies.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas review of his current claims within the prescribed one-year limitations period, nor is there any suggestion that Petitioner's current claims are based on any new, retroactively applicable, constitutional ruling, or any new evidence that could extend the deadline for seeking federal habeas corpus relief.[3]

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld on direct appeal by the Minnesota Supreme Court on May 16, 1995. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for

---

[3] Petitioner's first state post-conviction motion apparently included a claim based on some alleged "newly discovered evidence," but the current petition does not mention any new and previously undiscoverable evidence. All of Petitioner's current claims present purely legal challenges to his sentence, and these claims clearly are <u>not</u> based on any new evidence pertaining to his guilt or innocence.

4

writ of certiorari with the United States Supreme Court.  Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999).  Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court.  Sup. Ct. R. 13.1.  Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final" on August 14, 1995 -- 90 days after the Minnesota Supreme Court upheld Petitioner's conviction and sentence on direct appeal.

However, the Eighth Circuit Court of Appeals has held that the statute of limitations set forth at § 2244(d)(1) never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996.  Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999).  Therefore, even though Petitioner's conviction became final, for purposes of § 2244(d)(1)(A), on August 14, 1995, the statute of limitations did not actually begin to run in this case until April 24, 1996.  It follows that the one-year limitations period expired in this case on April 24, 1997.  Id.  See also Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) ("[i]n applying § 2244(d)(1) to cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions").  Because Petitioner did not file his current petition until October 22, 2007, which was more than ten years after the statute of limitations deadline, this action is clearly time-barred, unless it can be saved by the tolling provisions of § 2244(d)(2).

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding.  The statute remains tolled during the entire

period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired long before he filed his first post-conviction motion in the trial court. The statute of limitations expired on April 24, 1997, and Petitioner did not file his first state post-conviction motion until May 2003 – more than six years after the federal habeas limitations period had expired. Because the limitations period expired before Petitioner filed his first post-conviction motion, that motion could not have tolled the statute of limitations. Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").

Thus, the Court concludes that the § 2244(d)(2) tolling provision cannot save the present petition from being time-barred. See Cuypers v. Symmes, Civil No. 07-106 (JRT/SRN), (D.Minn. 2007) (Tunheim, J.), 2007 WL 1219306 at *3 ("if a petitioner fails to initiate state court proceedings until after the one-year statute of limitations expires, then subsequent state post-conviction proceedings will not toll the statute of limitations because there is no federal limitations period remaining to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000).

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).[4] Again, once the statute of limitations expired in this case, (in April 1997), it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion.[5]

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the

---

[4] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

"The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

[5] Even if Petitioner's first post-conviction motion had somehow given him a fresh new one-year period for seeking federal habeas review, this case still would be too late, because another full year passed between the completion of Petitioner's first post-conviction proceeding in September 2004, and the commencement of the second post-conviction proceeding in October 2005.

7

one year AEDPA time limit... may be equitably tolled"). The Court of Appeals has made it very clear, however, that such tolling is available only "when <u>extraordinary circumstances</u> beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." <u>Jihad v. Hvass</u>, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" <u>Id</u>. at 806, (quoting <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added). Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. <u>Kruetzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in any of his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in <u>Baker</u>, Petitioner simply was not "diligent in acting to protect [his] right to federal habeas review" of his sentence. 321 F.3d at 772. Thus, the Court finds that the tardiness of this action cannot be excused based on equitable tolling.[6]

---

[6] It also should be noted that Petitioner's other currently-pending federal habeas corpus case – <u>Boos v. Fabian</u>, Civil No. 05-523 (PAM/JSM) – has no tolling effect on the § 2244(d) statute of limitations. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-182 (2001).

**III.    CONCLUSION**

For the reasons discussed above, the Court finds that this action is untimely. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on April 24, 1997. However, Petitioner did not file his current petition until October 22, 2007, which was more than ten years after the statute of limitations deadline.

Petitioner's state post-conviction motions could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), <u>if</u> they had been filed before the federal limitations period expired. In fact, however, Petitioner did not file his first post-conviction motion until more than six years after the federal statute of limitations had already expired, so there was not an effective § 2244(d)(2) tolling in this case. Furthermore, equitable tolling is not applicable here. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is clearly time-barred, and this action must be dismissed with prejudice.

**IV.    RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED; and

    2.  This action be DISMISSED WITH PREJUDICE.

Dated:       October 26, 2007

                                            *s/ Janie S. Mayeron*
                                            JANIE S. MAYERON
                                            United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 14, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.